[No. 343.    January 23, 1889.]

BOARD OF COUNTY COMMISSIONERS OF SIERRA COUNTY, PLAINTIFF IN ERROR, v. BOARD OF COUNTY COMMISSIONERS OF DONA ANA COUNTY, DEFENDANT IN ERROR.

COUNTIES—ACT APRIL 3, 1884, CREATING COUNTY OF SIERRA, CONSTRUCTION OF.—The term "indebtedness" in section 8 of the act of April 3, 1884, creating the county of Sierra out of parts of the counties of Dona Ana, Grant, and Socorro, and providing that the indebtedness of Dona Ana county, existing at the date of its approval, shall be apportioned between that county and Sierra, on the basis of the last assessment of property for taxation in Dona Ana county, as it stood at the date and prior to the approval of the act, in proportion to the amount of the taxable property of the county, must be understood as having been used by the legislature in its ordinary sense, which would include debts of every kind and description.

Id.—Assessment Roll, Exceptions to Must be Taken, When—New
Trial—Evidence.—Exceptions to the admission in evidence of an
assessment roll, not taken at the time, will not be heard on appeal.
Where a jury is waived, and the cause is tried by the court, the
unsuccessful party, to entitle himself to a revision of the facts by the
appellate court, must move for a new trial below, and, if refused,
embody the evidence in a bill of exceptions.   Spiegelberg v. Mink, 1
N. M. 308.

Error, from a judgment in favor of plaintiff, to
the Third Judicial District Court, Grant County.
Judgment affirmed.

The facts are stated in the opinion of the court.

Elliott & Pickett for plaintiff in error.

Where a statute is of doubtful meaning, resort
must be had to the intention of the legislature that
framed it.   Maynard v. Johnson, 2 Nev. Rep. 27; 1
Id. 271; Id. 409; 6 Id. 68; 7 Id. 15.

Where a cause of doubt exists, the whole statute
is to be taken together, and so examined and con-
strued as to ascertain, if possible, the legislative intent.
2 Nev. Rep. 27; 10 Id. 125.

In the interpretation of statutes, a maxim was
never more applicable than "expressio unius est ex-
clusio alterius."   Broom's Legal Maxims, 663, and
cases cited in note 4.

The expression or mention of one thing, person,
kind, class, or way, is in law an exclusion of all other
things, persons, kinds, classes, or ways.   Virginia &
Tucker Railroad Co. v. Elliott, 5 Nev. Rep. 358;   State
ex rel. Leake v. Blasdel, 6 Id. 40;   Sedg. Stat. & Const.
Law, 31, note a.

The legislature not having expressed itself in
reference to the payment of the bonded indebtedness
of Dona Ana county, nor subjected the property
separated therefrom by the act of April 3, 1884, to
taxation for the payment of said indebtedness or any

part thereof, and having done so in the case of Socorro county, the presumption of law is, that the legislature did not intend to require Sierra county to pay any part of said bonded indebtedness. It is the presumption that, when one person or thing is expressly mentioned in a statute, all other persons or things are excluded. See cases cited supra; also, Parsons on Contract [3 Ed.], p. 28; Potter's Dwarris, 175, 178.

As to the second and third assignments of error, see sections 2836, 2839, Compiled Laws, New Mexico, 1884.

RYNERSON & WADE for defendant in error.

The requirement of section 2836 is merely directory, and the roll can not be attacked collaterally, as is here attempted to be done, for irregularities of the kind complained of. Burroughs on Taxation, 200; Krutz et al. v. Chandler, 5 Pac. Rep. (Kan.) 170.

The record fails to show that there was any motion made by the plaintiff in error to set aside the finding of the court and to obtain a new trial; nor does it show any motion in arrest of judgment. Spiegelberg v. Mink, 1 N. M. 309.

The phrase, "bonded indebtedness," in the first section of the act, and the word, "indebtedness," in the eighth section, correctly describe the nature of the county liability in each case, and leave no room for judicial construction.

REEVES, J.—The board of county commissioners of the county of Dona Ana, for and in behalf of the county of Dona Ana, brought this suit in which it complains of the board of county commissioners of Sierra county, acting for and in behalf of the county of Sierra, in an action of assumpsit. The plaintiff in its declaration alleges that on the third day of April, 1884, the legislative assembly of this territory passed "An

act creating and organizing the county of Sierra," and thereby cut off and deprived the county of Dona Ana of a large portion of its territory, and made it a portion of the county of Sierra, and therein providing that the indebtedness of Dona Ana county, existing at the date of the approval of the act, should be apportioned between the county of Dona Ana and the county of Sierra, on the basis of the last assessment of the property made for purposes of taxation in the county of Dona Ana, as the same stood at the date of and prior to the passage of the act, and in proportion to the amount of taxable property taken from the county of Dona Ana. The plaintiff claimed the sum of $14,410.50 as the proportion of indebtedness due from the county of Sierra to the county of Dona Ana by reason of the apportionment, and prayed for $15,000 as damages, together with interest and costs. The plea of the general issue was filed for the defendant. A jury was waived, and the cause was submitted to the court, and, the court having heard the evidence and the argument of counsel found the county of Sierra was indebted to the county of Dona Ana in the sum of $14,065.95, and rendered judgment for Dona Ana county, and against the county of Sierra, for that sum, with interest at the rate of six per cent per annum from the date of the judgment until paid, and costs of suit. The plaintiff in error has brought the case into this court by a writ of error, and assigns as error: First. The court erred in holding that the plaintiff in error was liable or indebted to the defendant in error for any part or portion or proportion of the courthouse bonds issued by the defendant in error, amounting to or being for $29,500. Second. The court erred in holding that the alleged assessment roll offered in evidence by the defendant in error was the assessment roll of said Dona Ana county for the year A. D. 1883. Third. The court erred in admitting in evidence said alleged

assessment roll offered in evidence by said defendant in error as the assessment roll of said Dona Ana county for the year A. D. 1883. And prays that the judgment may be reversed, annulled, and held for nothing, and that the plaintiff in error be restored to all things it has lost by reason thereof.

It is contended for the plaintiff in error that a doubt exists as to the meaning of the first and eighth sections of the act of the legislative assembly creating and organizing the county of Sierra. By this act it CONSTRUCTION of seems that parts of Dona Ana, Socorro, act April 3, 1884, creating Sierra and Grant counties were taken from each county. of these counties to form and constitute the new county of Sierra. The first section of the act defines the boundaries and limits of the new county, and provides "that the property thus separated from the county of Socorro shall not be exempt from its share of taxation to pay the outstanding bonded indebtedness of Socorro county." Section 8 provides that "the indebtedness of the counties of Grant and Dona Ana shall be apportioned on the basis of the last assessment with said county of Sierra, in proportion to the amount of taxable property taken from each of said counties." The word "indebtedness," as used in the eighth section of the act, is broad enough to include debts of every description and kind. It is defined as "the state of being indebted," and "indebted" as "being in debt," "having incurred a debt." Webst. Dict. By the expression "indebtedness" of the counties of Grant and Dona Ana, the legislature must have intended what that expression means in common parlance. Comp. Laws, N. M., section 1851. In support of the second and third assignments of error counsel for the plaintiff in error cites sections 2836, 2839, Compiled Laws, New Mexico. The first prescribes the form of oath to be taken by the assessor, and which is required to be attached to

the assessment book; the other section requires the
board of county commissioners to make an order
approving the assessment roll as revised and corrected
by the board.   It appears that the assessor did not
subscribe an oath attached to the assessment roll for
1883, as required by the section above cited, though
the justice of the peace recites that the certificate to
the assessment roll was sworn and subscribed to before
him, and to which he signs his own official signature.
Nor is there any evidence attached to the assessment
roll of Dona Ana county for 1883 that it was approved
by the board of county commissioners of that county.
These objections are urged in the brief of counsel for
the plaintiff in error as grounds for the reversal of the

ASSESSMENT roll: judgment.   It appears from the record
exceptions on ap- that the assessment roll of Dona Ana
peal: new trial:
evidence.     county was admitted in evidence on the
trial in the district court by the stipulation and agree-
ment of parties without objection.   There was no
objection and no exception to any portion of the evi-
dence introduced in the trial in the district court.   The
statute, in express terms, provides that "no exception
shall be taken in an appeal to any proceedings in the
district court, except such as shall have been expressly
decided in that court."   Comp. Laws, N. M., section
2188. By section 2197, Compiled Laws, "exceptions to
the decision of the court upon any matter of law arising
during the progress of the cause, or to the giving or
refusing of instructions, must be taken at the time of
such decision."   There was no motion for a new trial
in the district court.   In the case of Spiegelberg v.
Mink, 1 N. M. 308, the court said:   "Where a cause is
by consent tried by the judge, without the intervention
of a jury, the losing party, to entitle himself to a revi-
sion of the facts by the supreme court, should move for
a new trial, and, if refused, should embody the evi-
dence in a bill of exceptions."   Where this require-

ment has not been complied with this court will not revise the proceedings in the district court on questions of fact. We are referred by counsel for the plaintiff in error to the decision of the supreme court the United States in the case of Hopkins v. Orr, 124 of U. S. 510, 515, in which the court construes section 2190 of the Compiled Laws of New Mexico. In this case, the court said: "The manifest object of the statute is not merely to restrain the appellate court from going outside of the record, but to enable it to render such a judgment as, upon a consideration of the whole record, justice may appear to require." Reference is also made to an act of the territorial legislature entitled, "An act with reference to practice in the supreme court, and for other purposes." The act is not before the writer, but, quoting from the brief of counsel, provides: "In all cases now pending in the supreme court    *    *    *    in which a jury may have been waived and the cause tried by the court, or the judge thereof, it shall be the duty of the supreme court to look into all the rulings and decisions of the court below, and grant a new trial, or render such other judgment as may be right and just, and in accordance with law," approved January 5, 1889. Our opinion is in harmony with the statute and the decision of the court in Hopkins v. Orr. It does not appear that the district court made any rulings and decisions during the progress of the trial on questions of evidence or otherwise. Finding no error in the judgment of the district court, it is affirmed.

Long, C. J., concurs.

---

Brinker, J.—I concur in the result. The judgment should be affirmed because the record fails to show that any objection was made or exceptions taken during the trial. No motion for a new trial was made

or determined in the court below—no bill of exceptions filed. An examination of the record before us shows that a cause of action was stated in the declaration; that the court heard evidence, made its findings upon the evidence, and rendered its judgment. There is nothing left for us to do but to affirm the judgment. Section 2190, Comp. Laws, 1884.